IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NADEZDA LAKAEVA, | ) CIVIL NO. 22-00424 JMS-WRP |
| Plaintiff, | ) <br> ) FINDINGS AND <br> ) RECOMMENDATION TO GRANT |
| vs. | ) IN PART AND DENY IN PART <br> ) PLAINTIFF'S MOTION FOR |
| MOCKINGBIRD TINY HOMES LLC, ET AL., | ) ATTORNEYS' FEES <br> ) <br> ) |
| Defendants. | ) <br> ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Before the Court is Plaintiff Nadezda Lakaeva's Motion for Attorneys' Fees, filed August 16, 2024 (Motion). See Plf's Mot., ECF No. 52. Defendants Mockingbird Tiny Homes LLC and Chad Unrein (collectively, "Defendants") did not respond to the Motion. Plaintiff filed a reply memorandum on September 9, 2024, Plf's Reply, ECF No. 54. The Court finds this Motion suitable for disposition without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the record before the Court and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be

GRANTED IN PART.[1]

## RELEVANT BACKGROUND

As the parties and the Court are familiar with the facts of this case, the Court does not repeat them here and includes only pertinent facts relevant to the present Motion.

Plaintiff asserted ten claims in the Complaint relating to contracts for the purchase of tiny homes from Defendants: (1) Count I for Unfair or Deceptive Acts or Practices, (2) Count II for Fraudulent Misrepresentation, (3) Count III for Negligent Misrepresentation, (4) Count IV for Illegal Contract, (5) Count V for Declaratory Judgment (Lack of Mutual Assent; Mutual Mistake), (6) Count VI for Declaratory Judgment (Unenforceable Penalty), (7) Count VII for Conversion, (8) Count VIII for Unjust Enrichment, (9) Count IX for Promissory Estoppel, and (10) Count X for Breach of Contract. See Complaint, ECF No. 1.

On January 19, 2024, Plaintiff moved for default judgment as to all ten claims. See Plf's Mot. for Default Judgment Against Mockingbird Tiny Homes LLC and Chad Unrein as to All Counts of the Complaint, ECF No. 41. In

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636 (b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

the Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment (Findings and Recommendation), this Court recommended that default judgment be entered in favor of Plaintiff and against Defendants as to Count I for Unfair or Deceptive Acts or Practices, Count III for Negligent Misrepresentation, and Count VII for Conversion in the amount of $314,379.45.  See Findings and Recommendation, ECF No. 47 at 25.  This Court recommended denying default judgment in all other respects.  See id.  This Court also recommended permitting Plaintiff to file a motion for attorneys' fees.  See id.  On June 28, 2024, the district judge adopted the Findings and Recommendation and entered default judgment against Defendants.  See Order Adopting the Magistrate Judge's Findings and Recommendation, ECF No. 49; Default Judgment, ECF No. 50.  Plaintiff's Motion for Attorneys' Fees followed.  Plf's Mot., ECF No. 52.

## DISCUSSION

**I.     Entitlement to Fees**

Pursuant to Hawaii Revised Statutes section 480-13(b)(1), "Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by section 480-2 . . . May sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a . . . reasonable attorney's fees together with the costs of suit."  Haw. Rev. Stat.

3

§ 480-13(b)(1).  The Hawaii Supreme Court has made clear that attorneys' fees awarded under section 480-13 "are mandatory."  See Cieri v. Leticia Query Realty, Inc., 80 Haw. 54, 70, 905 P.2d 29, 45 (1995), as amended (Oct. 12, 1995).

Here, Plaintiff asserted ten claims against Defendants and obtained default judgment on three of them:  Count I for Unfair or Deceptive Acts or Practices, Count III for Negligent Misrepresentation, and Count VII for Conversion.  Plaintiff also received her requested damages in full as well as treble damages.  Although Plaintiff did not obtain default judgment on other claims she asserted, the Court finds that all of Plaintiff's claims "involve a common core of facts . . . and much of counsel's time [was] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."  See Schefke v. Reliable Collection Agency, Ltd., 96 Haw. 408, 444, 32 P.3d 52, 88 (2001), as amended (Oct. 11, 2001) ("[I]f the plaintiff's claims for relief involve a common core of facts . . . and much of counsel's time is devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis, 'such a lawsuit cannot be viewed as a series of discrete claims.'  In that situation, 'a plaintiff who has won substantial relief should not have his or her attorney's fee reduced simply because the trial court did not adopt each contention raised.'") (internal brackets, ellipses points and citations omitted).  The Court

4

therefore finds that Plaintiff is entitled to recovery of her reasonable attorneys' fees pursuant to Haw. Rev. Stat. § 480-13(b)(1).

## II.     Reasonableness of the Attorneys' Fees Request

An award of reasonable attorneys' fees is generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The Court must determine a reasonable fee by multiplying a reasonable hourly rate by the number of hours reasonably expended.  Hensley, 461 U.S. at 433.  Once calculated, the "lodestar" is presumptively reasonable.  See Penns. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following rates and hours for work performed by counsel and legal staff:

| Name | Role | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Derek R. Kobayashi, Esq. | Partner | $400 | 14.3 | $5,720 |
| Brittney M. Wu, Esq. | Associate | $190 | 53.9 | $10,241 |
| Kristl K. Ham | Legal Assistant | $155 | 16.1 | $2,495.50 |
| | | | Subtotal | $18,456.50 |
| | | | Courtesy Discount | ($1,186.50) |
| | | | G.E. Tax 4.712% | $813.76 |
| | | | **Total Fees Requested** | $18,083.76 |

5

### a. Reasonable Hourly Rate

A reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. See Roberts v. City of Honolulu, 938 F.3d 1020, 1025 (9th Cir. 2019). The relevant community is the forum in which the district court sits. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted). The Court may also rely on its own knowledge or experience in determining a reasonable hourly rate. See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (holding district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorney fees).

Derek R. Kobayashi is a partner with the law firm Schlack Ito and has been practicing law since 1990. See Kobayashi Decl'n, ECF No. 52-2 ¶ 3. He has been recognized by the Super Lawyers and The Best Lawyers in America. See id. Mr. Kobayashi's hourly rate is $400. Brittney Wu is an associate at Schlack Ito and has been practicing law since 2021. See id. ¶ 4. Ms. Wu was a former paralegal with Schlack Ito and Cronin, Fried, Sekiya, Kekina, and Fairbanks. See id. ¶ 4. Ms. Wu's hourly rate is $190. See id. Kristl Ham is a legal assistant at Schlack Ito and has worked there since 2010. See id. ¶ 5. Ms. Ham's hourly rate is $155. See id. Based on this Court's knowledge of the prevailing rates in the

community, the Court finds that Mr. Kobayashi, Ms. Wu, and Ms. Ham's hourly rates are reasonable. See Adon Constr. Inc. v. Renesola Am. Inc., No. CV 16-00568 JAO-WRP, 2019 WL 5198176, at *10 (D. Haw. Sept. 26, 2019) ("a request or award of attorneys' fees may include compensation for separately billed legal services performed by a paralegal, legal assistant, or law clerk . . . [if the work is] legal work that would otherwise have been required to be performed by a licensed attorney at a higher rate.").

### b. Reasonable Hours Expended

The fee applicant has the burden of documenting the hours expended and must submit evidence in support of those hours worked. See Hensley, 461 U.S. at 437; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the fee applicant in its affidavits. See Gates, 987 F.2d at 1397-98. The Court must determine whether the requested fees are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). Courts must guard against awarding fees and costs which are excessive and must determine which fees and costs were self-imposed and avoidable. See id. at 637. Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be

compensated.  See Gates, 987 F.2d at 1397 (quoting Hensley, 461 U.S. at 433-34).

Although Defendants did not file a response to the Motion, the Court has reviewed the time entries provided and finds that deductions are appropriate for clerical tasks.  "Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Liberty Mut. Ins. Co. v. Sumo-Nan LLC, No. CV 14-00520 DKW-KSC, 2017 WL 810277, at *12 (D. Haw. Mar. 1, 2017) (internal brackets and citations omitted).

> The following is a list of tasks previously deemed clerical or ministerial in this district and therefore deemed non-compensable: reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

Id. (citations omitted); see also Booth v. Wong, No. CIV. 10-00680 DKW, 2015 WL 4663994, at *6 (D. Haw. July 17, 2015) ("Communications with the court and reviewing notices regarding hearings and deadlines are clerical and not compensable.  Additionally, communicating with court staff is likewise deemed clerical in nature and is not compensable.") (citations omitted).

The Court has carefully reviewed counsel's time entries and finds that the following deductions are appropriate for clerical tasks: 0.4 hours of Mr. Kobayashi's time,[2] 1.7 hours of Ms. Wu's time,[3] and 1.3 hours of Ms. Ham's time.[4]  As to all other time entries, the Court has reviewed them and finds that the remaining time requested by Plaintiff is reasonable.

### c.  Total Calculation

Based on the foregoing, the Court finds that Plaintiff has established the appropriateness of an award of reasonable fees in the amount of $17,367.01.

---

[2] Mr. Kobayashi's clerical time entries were on 1/5/24 (0.2 hours) and 7/1/24 (0.2 hours).

[3] Ms. Wu's clerical time entries were on 10/2/23 (0.2 hours), 1/15/24 (0.1 hours, partial deduction), 3/6/24 (0.1 hours), 4/10/24 (0.3 hours, partial deduction), 4/17/24 (0.2 hours, partial deduction), 4/23/24 (0.6 hours), and 6/25/24 (0.2 hours, partial deduction).

[4] Ms. Ham's clerical time entries were on 9/29/23 (0.2 hours), 11/1/23 (0.1 hours, partial deduction), 11/3/23 (0.1 hours), 12/11/23 (0.1 hours, partial deduction), 1/19/24 (0.1 hours, partial deduction), 1/24/24 (0.1 hours), 3/5/24 (0.2 hours), 4/23/24 (0.3 hours, partial deduction), and 8/16/24 (0.1 hours, partial deduction).

| Name | Role | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Derek R. Kobayashi, Esq. | Partner | $400 | 13.9 | $5,560 |
| Brittney M. Wu, Esq. | Associate | $190 | 52.2 | $9,918 |
| Kristl K. Ham | Legal Assistant | $155 | 14.8 | $2,294.00 |
| | | | Subtotal | $17,772.00 |
| | | | Courtesy Discount | ($1,186.50) |
| | | | G.E. Tax 4.712% | $781.51 |
| | | | **Total Fees Awarded** | $17,367.01 |

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees, be GRANTED IN PART and DENIED IN PART. See Plf's Mot., ECF No. 52. The Court recommends that Plaintiff be awarded reasonable attorneys' fees in the amount of **$17,367.01**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 30, 2024.



Wes Reber Porter
United States Magistrate Judge

Lakaeva v. Mockingbird Tiny Homes LLC, et al.; CIVIL NO. 22-00424 JMS-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES.